**WO**                                                                 SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Getzell Johnson Murrell, Sr., | No. CV 09-0556-TUC-DCB |
| Plaintiff, | |
| vs. | **ORDER** |
| Barbara Serrato, et al., | |
| Defendants. | |

On September 29, 2009, Plaintiff Getzell Johnson Murrell, Sr., who is confined in the Federal Correctional Institution-El Reno (FCI-El Reno) in El Reno, Oklahoma, filed a *pro se* civil rights Complaint pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), regarding events that occurred in the United States Penitentiary (USP)-Tucson in Tucson, Arizona. (Doc. 1.) He subsequently filed a Second Amended Complaint, also raising claims under Bivens. (Doc. 36.) Defendants Dawn Campbell, Ron Bajuscak, and Charles Weber move to dismiss for lack of subject matter jurisdiction and failure to state a claim. (Doc. 51.) The motion is fully briefed. (Docs. 56, 64.)

Plaintiff also files a Motion for Leave to File a Motion to Strike Portions of Defendants' Reply Brief and a Motion for an Extension of Time, seeking additional time to engage in discovery and then respond to the Motion to Dismiss. (Docs. 76, 79.) The Court finds that no response to either motion is necessary.

The Court will grant Defendants' motion and deny Plaintiff's Motion for Leave to File a Motion to Strike and deny so much of Plaintiff's Motion for an Extension of Time as relates to an extension of time to respond to Defendants Campbell, Weber, and Bajuscak's Motion to Dismiss.

**I.      Background**

Campbell, Weber, and Bajuscak are named in Counts III and IV of the Second Amended Complaint; Plaintiff alleged that they violated his Eighth Amendment rights. (Doc. 36.) Plaintiff asserted that Campbell is a pharmacist at USP-Tucson. (Id. at 2-A.) In Count III, Plaintiff alleged he had advised Campbell that his blood pressure had elevated due to a lack of medication and that he had suffered an allergic reaction to a particular medication but she refused to provide other medication. (Id. at 6-A.) Plaintiff also alleged that Campbell refused Defendant Diaz's order to provide Plaintiff with a dose of medication to lower Plaintiff's blood pressure. (Id. at 6-B.)

In Count IV, Plaintiff alleged that Bajuscak and Weber were deliberately indifferent to his serious dental needs because they diagnosed Plaintiff's teeth as "decaying with cavities" but only ordered Plaintiff's teeth cleaned; they did not fill the cavities and refused to schedule Plaintiff for dental treatment. (Id. 5-B.)

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting lack of subject matter jurisdiction, and 12(b)(6), arguing that the Second Amended Complaint fails to state a claim. (Doc. 51.)

**I.      Motion to Dismiss**

   **A.      Legal Standard—Subject Matter Jurisdiction**

Federal courts are "courts of limited jurisdiction" and possess only that power authorized by the Constitution or statute. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) (citations omitted). It is "presumed that a cause lies outside this limited jurisdiction"; the burden of establishing jurisdiction is on the party asserting jurisdiction. Id. Limitations on the court's jurisdiction must neither be disregarded nor evaded. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). The Court is

- 2 -

1  obligated to determine whether it has subject matter jurisdiction. See Valdez v. Allstate Ins.
2  Co., 372 F.3d 1115, 1116 (9th Cir. 2004).  See also Fed. R. Civ. P. 12(h)(3) ("If the court
3  determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the
4  action.").

5        On a motion to dismiss a complaint for lack of subject matter jurisdiction as a matter
6  of law, the well-pled material facts alleged in the complaint are taken as true. See Orsay v.
7  U.S. Dep't. of Justice, 289 F.3d 1125, 1127 (9th Cir. 2002); Whisnant v. United States, 400
8  F.3d 1177, 1179 (9th Cir. 2005). When considering a motion to dismiss pursuant to Rule
9  12(b)(1), the district court may review any evidence, such as affidavits and testimony, to
10 resolve factual disputes concerning the existence of jurisdiction; the court is not restricted
11 to the face of the pleadings. McCarthy v. United States, 850 F. 2d 558, 560 (9th Cir. 1988),
12 citing Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947) ("when a question of the District Court's
13 jurisdiction is raised . . . the court may inquire by affidavits or otherwise, into the facts as
14 they exist."); Biotics Research Corp. v. Heckler, 710 F.2d 1375, 1379 (9th Cir. 1983)
15 (consideration of material outside the pleadings did not convert a Rule 12(b)(1) motion into
16 one for summary judgment).

17       **B.**    **Parties' Contentions**
18           **1.**    **Defendants**

19       Defendants assert that they were officers of the Public Health Service (PHS) and the
20 Public Health Service Act (PHSA), 42 U.S.C. § 233(a), precludes Bivens actions against
21 PHS personnel for alleged constitutional violations arising out of their duties. (Doc. 51 at
22 2-3, citing Hui v. Castaneda, --- U.S. --- , 130 S. Ct. 1845 (2010).)  In support of their
23 motion, they submit the declaration of Douglas Curless, with attachments (Doc. 51, Ex. 1,
24 Curless Decl.) and the declaration of Scott T. Murchie (id., Ex. 2.)  Curless attests to
25 Plaintiff's dates of incarceration at USP-Tucson. (Id., Curless Decl. ¶ 3.)  Murchie attests
26 that Campbell, Weber, and Bajuscak were all Commissioned Officers in the PHS when they
27 were stationed at the Federal Correctional Complex in Tucson. (Id., Murchie Decl. ¶ 4.)
28 ///

**2.    Plaintiff**

Plaintiff disputes the dates of his incarceration at USP-Tucson, asserting that Defendants records show he was incarcerated there from May 11, 2007, not August 28, 2008 as alleged by Curless. (Doc. 56 at 1-2.) He asks that the declaration be stricken. (Id. at 2.)

Plaintiff argues that Courts have held that conduct not within the scope of employment is not shielded from a Bivens claim. (Id. at 3, citing Cuoco v. Moritsugu, 222 F. 3d 99, 109 (2nd Cir. 2000).) He contends that Defendants were not acting within the scope of their employment in denying him medical and dental care and that their conduct did not further their employer's interests in maintaining contact with the Bureau of Prisons (BOP) to provide health care to inmates. (Id.) Plaintiff argues that the Murchie declaration does not state that Defendants were acting within the scope of their employment when they denied medical and dental care and that Defendants themselves have not provided declarations that each was acting within the scope of his or her employment. (Id. at 3-4.) Plaintiff asserts that because Defendants were hired to provide medical care and dental treatment to incarcerated inmates, "their failure to do so cannot be said to be acting within the scope of their employment." (Id. at 4.)

Plaintiff also contends that the request to dismiss pursuant to Rule 12(b)(6) should be denied because it has already been determined that the allegations state claims against these Defendants. (Id. at 5.)

**3.    Reply**

Defendants acknowledge that Plaintiff's correct dates of incarceration at USP-Tucson were May 11, 2007 through June 11, 2009. (Doc. 64 at 1.) As to Plaintiff's argument that Defendants have not shown that they were acting within the scope of their employment, Defendants reassert the facts stated by Murchie and ask the Court to incorporate by reference and refer to their Statement of Facts in their separately filed Motion for Summary Judgment and Motion to Dismiss, which they argue demonstrates that Defendants were acting within the scope of their employment. (Id. at 2, ref. Docs. 57, 59.)

///

- 4 -

### C. Analysis

The Court will grant the motion to dismiss on the grounds that the Court lacks subject matter jurisdiction to adjudicate a Bivens claim against Campbell, Weber, or Bajuscak. In Hui, the Supreme Court specifically held that 42 U.S.C. § 233(a) precludes Bivens actions against individual PHS officers and employees for alleged harms committed while acting within the scope of their employment. 130 S. Ct. at 1854. Under § 233(a), the Federal Tort Claims Act (FTCA) is the exclusive remedy. Plaintiff does not dispute that Campbell, Weber, and Bajuscak were PHS officers; rather he challenges their claim that they each acted within the scope of employment.

First, the Court disagrees with Plaintiff's contention that Defendants' proof of scope of employment is inadequate. As the Supreme Court in Hui observed, "proof of scope is in most § 233(a) cases established by a declaration affirming that the defendant was a PHS official during the relevant time period." Id. Murchie's declaration provides that evidence. In addition, the Court rejects Plaintiff's argument that because he alleges that Defendants *failed* to provide him care, their conduct is not within the scope of their employment. Section 233(a) specifically applies to an officer or employee's *acts or omissions* that give rise to the claim. 42 U.S.C. § 233(a). Moreover, the facts in Hui show that the plaintiff alleged that the defendant was negligent because she failed to refer the plaintiff for a biopsy for possible cancer. 130 S. Ct. at 1849. And Cuoco, on which Plaintiff relies, supports the Court's conclusion, not Plaintiff's. The Second Circuit found that the PHS doctors were immune from an inmate's Bivens suit, when among other allegations, they stopped the plaintiff's estrogen treatments. Cuoco, 222 F. 3d at 107-08. In other words, the plaintiffs in Hui and Cuoco alleged that the respective defendants failed to provide the care needed. Finally, Plaintiff's interpretation of "scope of employment" would effectively eviscerate the provisions of § 233(a).

The remainder of the cases cited by Plaintiff—Bell v. United States, 127 F. 3d 1226 (10th Cir. 1997) and Berkovitz v. United States, 486 U.S. 531(1988)—are equally unavailing. They are cases regarding the FTCA, which waives sovereign immunity for

- 5 -

1    claims arising out of common law torts committed by federal employees.   The waiver is
2    subject to certain specific exceptions, such as for the "exercise or performance or the failure
3    to exercise or perform a discretionary function or duty." Id. § 2680(a); Berkovitz, 486 U.S.
4    at 536 (the discretionary function exception does not apply when a federal statute, regulation,
5    or policy specifically prescribes a course of action for an employee to follow).  Here, Plaintiff
6    is not suing under the FTCA.

7    Taking the allegations in the Second Amended Complaint as true, Defendants' actions
8    were within the scope of their employment at USP-Tucson.  The Court lacks subject matter
9    jurisdiction over Plaintiff's Bivens claims.

10   Plaintiff's request for an extension will be denied because he has filed a response,
11   which the Court has considered, and the discovery he wants—PHS Directives, contracts with
12   the BOP, etc.—would not change the Court's determination that the acts or omissions alleged
13   are within the scope of Defendants' PHS employment.

14   The Court has not relied on Defendants' Statement of Facts submitted with their
15   separate Motion for Summary Judgment.  Therefore, Plaintiff's request to file a Motion to
16   Strike will be denied as moot.  Nor will the Court dismiss based on Rule 12(b)(6), failure to
17   state a claim.  As Rule 12(d) clearly provides, if on a motion under 12(b)(6) matters outside
18   the pleadings are presented and not excluded by the court, the motion must be treated as one
19   for summary judgment.  Fed. R. Civ. P. 12(d).  Because the Court would have to rely on
20   Murchie's declaration regarding Defendants' status as PHS employees—a matter outside the
21   pleadings, Rule 12(d) would require the Court to treat the motion as one for summary
22   judgment, which would in turn require, among other things, Defendants' compliance with
23   the Local Rules regarding a motion for summary judgment and provision of the notice
24   required by Rand v. Rowland, 154 F.3d 952, 960 (9th Cir. 1998).

25   **IT IS ORDERED:**

26   (1) Defendants' Motion to Dismiss (Doc. 51) is **granted**, and Defendants Campbell,
27   Weber, and Bajuscak are dismissed.

28

1     (2) Plaintiff's Motion for Leave to File a Motion to Strike Portions of Defendants' Reply Brief (Doc. 76) is **denied as moot**.

    (3) Plaintiff's Motion for an Extension of Time (Doc. 79) is **denied** as to an extension of time to respond to Defendants Campbell, Weber, and Bajuscak's Motion to Dismiss.

    DATED this 14th day of September, 2010.

                                  David C. Bury
                                United States District Judge