WO

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

Getzell Johnson Murrell, Sr.,                    )
                                                 )
            Plaintiff,                           )          CV   09-556 TUC DCB
                                                 )
v.                                               )
                                                 )
Barbara Serrato, et al.,                         )          **ORDER**
                                                 )
            Defendants.                          )
_____)

The Court denies the Motion for Reconsideration of this Court's Order, issued on December 20, 2010, denying without prejudice the Defendant's Motion for Summary Judgement in part as to Count I and granting it in all other parts.

Motions to reconsider are generally treated as motions to alter or amend the judgment under Federal Rules of Civil Procedure ("Rule") 59(e). *See In re Agric. Research & Tech. Group, Inc.*, 916 F.2d 528, 542 (9th Cir. 1990); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986). A motion to amend a judgment based on arguments that could have been raised, but were not raised, before judgment was entered may not properly be granted. 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2nd § 2810.1 at 127-28; *Demasse v. ITT Corporation*, 915 F. Supp. 1040, 1048 (Ariz. 1995) (a Rule 59(e) motion may not be used to raise arguments or present evidence that could have been raised or presented prior to judgment); *Williams v. Poulos*, 11 F.3d 271, 289 (1st Cir. 1993) (proper to deny Rule 59(e) request for relief not requested in amended complaint).

Specific grounds for a motion to amend or alter are not listed in the rule, but generally there are four basic grounds for a Rule 59(e) motion: 1) the movant may

demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence; 3) the motion will be granted if necessary to prevent manifest injustice, such as serious misconduct of counsel may justify relief under this theory, and 4) a motion may be justified by an intervening change in controlling law.  11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2nd § 2810.1 (citations omitted).

Alternatively, a court can construe a motion to reconsider as a Rule 60 motion for relief from a judgment or order.  Under Rule 60, a party can obtain relief from a court order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).

Consequently, motions to reconsider are appropriate only in rare circumstances to correct manifest errors of law or fact or to present newly discovered evidence.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (1986).  A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through--rightly or wrongly".  *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *cf., Agric. Research & Tech. Group,* 916 F.2d at 542.  Arguments that a court was in error on the issues it considered should be directed to the court of appeals.  *See Refrigeration Sales Co. v. Mitchell-Jackson, Inc.,* 605 F. Supp. 6, 7 (N.D. Ill. 1983).

Plaintiff argues that the Court should reconsider its Order because it considered document 81, Motion to Deny Defendant's Motion to Dismiss/Motion for Summary Judgment, or Grant a Continuance, as his response when it was actually a request to conduct discovery.  Plaintiff requested discovery, pursuant to Fed. R. Civ. P. 56(d), prior to

2

1
2
3

responding to the Defendant's pending dispositive motions on August 30, 2010, (doc. 79), and August 27, 2010, (doc. 76).  The Court denied the Plaintiff's request for discovery on September 14, 2010.  (Doc. 85).

4
5
6
7
8
9
10
11
12
13

Plaintiff seeks reconsideration because the Court did not consider Plaintiff's Statement of Facts and Exhibits, docs. 98, 99, 101-102, which he filed on November 29, 2010, after the Defendants filed their Reply to their Summary Judgment Motion.   On September 30, 2010, the Court denied Plaintiff's extension of time and ordered him to file his Reply in support of his Motion for Summary Judgment and his Response to the Defendants' Motion to Dismiss/Motion for Summary Judgment within 14 days.  Thereafter, he filed five documents, a reply on October 8 (doc. 90), a declaration and reply on October 12 (docs. 91 and 92), exhibits on October 25 (doc. 93), and a Reply Memorandum on November 1 (doc. 94).  The Court affirms its finding that the documents filed by Plaintiff on November 29, 2010, were untimely.

14
15
16
17
18
19
20
21

In the future if Plaintiff seeks to avoid confusion and ensure that relevant arguments and evidence are considered by the Court, he should comply with the deadlines and page limit requirements for filing documents.  This Court will, hereafter, strike any document that is not timely filed.  The Plaintiff must file all related documents simultaneously in one filing so that page limitations for memoranda of law may accordingly be enforced.  Failure to comply with any provision of the Court's Orders may result in penalties, including dismissal of Plaintiff's action.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 2002) (a district court may dismiss an action for failure to comply with any order of the court).

22
23
24
25
26

Finally, the Court notes that the Motion for Reconsideration is filed late.  The Court rejects Plaintiff's argument that the Clerk of the Court mailed it late.  The Court issued the

/////

/////

27
28

Order on December 27, 2010, and the it was mailed to Plaintiff the same day.  Regardless, the Court has considered it and finds no basis for reconsideration.

**Accordingly,**

**IT IS ORDERED** that the Motion for Relief from Judgment (doc. 109), treated here as a Motion for Reconsideration, is DENIED.

DATED this 7th day of February, 2011.

David C. Bury
United States District Judge

4